# United States Court of Appeals for the Federal Circuit

**THE MEDICINES COMPANY,**
*Plaintiff-Appellant*

v.

**HOSPIRA, INC.,**
*Defendant-Cross-Appellant*

2014-1469, 2014-1504

Appeals from the United States District Court for the District of Delaware in No. 1:09-cv-00750-RGA, Judge Richard G. Andrews.

**ON PETITION FOR PANEL REHEARING AND REHEARING EN BANC**

EDGAR HAUG, Frommer Lawrence & Haug LLP, New York, NY, filed a combined petition for panel rehearing and rehearing en banc for plaintiff-appellant. Also represented by PORTER F. FLEMING, ANGUS CHEN.

BRADFORD PETER LYERLA, Jenner & Block LLP, Chicago, IL, filed a response to the petition for defendant-cross-appellant. Also represented by SARA TONNIES HORTON, AARON A. BARLOW.

Before PROST, *Chief Judge*, NEWMAN, LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

# O R D E R

Plaintiff-Appellant The Medicines Company filed a combined petition for panel rehearing and rehearing en banc. The petition was considered by the panel that heard the appeal and thereafter referred to the circuit judges who are in regular active service. A response was invited by the court and filed by Defendant-Cross-Appellant Hospira, Inc. A poll was requested and taken, and the court decided that the appeal warrants en banc consideration.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition for rehearing en banc of Plaintiff-Appellant The Medicines Company is granted.

(2) The court's opinion of July 2, 2015, is vacated, and the appeal is reinstated.

(3) The parties are requested to file new briefs. The briefs should address the following issues:

   (a) Do the circumstances presented here constitute a commercial sale under the on-sale bar of 35 U.S.C. § 102(b)?

      (i) Was there a sale for the purposes of § 102(b) despite the absence of a transfer of title?

      (ii) Was the sale commercial in nature for the purposes of § 102(b) or an experimental use?

   (b) Should this court overrule or revise the principle in *Special Devices, Inc. v. OEA, Inc.*, 270 F.3d

1353 (Fed. Cir. 2001), that there is no "supplier exception" to the on-sale bar of 35 U.S.C. § 102(b)?

(4) The new en banc briefs shall be electronically filed in the ECF system, and thirty paper copies of each brief shall be filed with the court. Two paper copies of each en banc brief shall be served on opposing counsel. Given that Hospira, Inc. was the original cross-appellant on the issues to be addressed, Hospira, Inc.'s en banc brief is due 45 days from the date of this order. The Medicines Company's en banc response brief is due within 30 days of service of Hospira, Inc.'s en banc brief, and the reply brief within 15 days of service of the response brief. Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

(5) Briefing should be limited to the issues set forth above.

(6) The court invites the United States Department of Justice to file a brief expressing the views of the United States as amicus curiae. Other briefs of amici curiae will be entertained, and any such amicus briefs may be filed without consent and leave of court but otherwise must comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29.

(7) The parties are directed to file with the court thirty paper copies of their original briefs and joint appendix within 17 days from the date of this order.

(8) Oral argument may be held at a time and date to be announced later.

FOR THE COURT

November 13, 2015              /s/ Daniel E. O'Toole
        Date                   Daniel E. O'Toole
                               Clerk of Court